## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

*In re*

GLOBAL ENERGIES, LLC,
       Debtor

_____/

JOSEPH G. WORTLEY,

       Appellant,

              v.                                      Case No. 0:18-cv-61556-DPG
                                                             0:18-cv-61558-DPG
JAMES JURANITCH, et al.,

       Appellees.

_____/

## <u>APPELLEES' JOINT MOTION FOR RECONSIDERATION</u>

Appellees, Chrispus Venture Capital, LLC, Richard Tarrant, James Juranitch, Chad Pugatch, and Rice Pugatch Robinson Schiller, PA, respectfully move for reconsideration of this Court's order entered on March 19, 2019 (D.E. 36) (the "Order") for three reasons.

**First**, the Order erroneously remands this case with directions that Wortley's Second Motion to Dismiss the bankruptcy case be granted—when, in fact, the Eleventh Circuit only directed that Wortley's Rule 60(b) motion be granted. That Rule 60(b) motion only requested a new hearing on the Second Motion to Dismiss.

**Second**, the Order's conclusions are erroneous because the Order presumes that the order denying Wortley's Second Motion to Dismiss was on appeal before

48381744;2

the Eleventh Circuit—when, in fact, the only order on appeal was the denial of Wortley's 60(b) motion, not the order denying the Second Motion to Dismiss.

**Third**, the Order mistakenly remands this case for the bankruptcy court to conduct an evidentiary hearing on fees and damages—when, in fact, the bankruptcy court already addressed those issues in the alternative during an eleven day evidentiary hearing at which expert testimony and other evidence was presented.

## I. INTRODUCTION

The following factual and legal mistakes warrant reconsideration:

**First**, the Order materially misapprehends the relief mandated by the Eleventh Circuit's opinion in *In re Global Energies, LLC,* 763 F.3d 1341, 1350 (11th Circuit 2014) (the "Opinion"). The Order remands this case to the bankruptcy court "for actions consistent with the Mandate"; but it goes on to instruct the bankruptcy court to "grant Wortley's Second Motion to Dismiss." Ord. at 7. Most respectfully, the Eleventh Circuit did not, and could not, direct the bankruptcy court to grant Wortley's Second Motion to Dismiss.

The <u>only</u> issue before the Eleventh Circuit was whether the bankruptcy court should have granted Wortley's Rule 60(b) motion. Wortley's Rule 60(b) motion <u>only</u> asked for a new hearing on his Second Motion to Dismiss at which the <u>alleged</u> "newly discovered emails" could be considered. The Eleventh Circuit's Opinion

directs the bankruptcy court to grant the Rule 60(b) motion's requested relief—that is, the bankruptcy court was required to conduct an "appropriate" hearing to determine whether Wortley's Second Motion to Dismiss should be granted and whether sanctions should be imposed based on the facts alleged in the Rule 60(b) motion.   This is exactly what the bankruptcy court did.   The evidence and testimony presented at the evidentiary hearing, taken as a whole, established that the bankruptcy was not filed in bad faith and that the emails discussed in the Opinion that were allegedly withheld were actually available to Wortley and were not wrongly withheld.

This Court's material mistake of fact regarding the Opinion's required relief requires reconsideration.

**Second,** the Order is based on the mistake of fact that the order denying Wortley's Second Motion to Dismiss was on appeal before the Eleventh Circuit. The only order on appeal before the Eleventh Circuit was the bankruptcy court's denial (and Judge Williams' affirmance) of Wortley's 60(b) motion.  Again, the Rule 60(b) motion only asked for a new hearing on Wortley's Second Motion to Dismiss at which the alleged "newly discovered emails" could be considered.

A close review of the Opinion indicates that the entire decision is simply a Rule 60(b) analysis.  Based on that analysis, the Opinion concludes the subject emails were "likely to produce a different result on Wortley's [second] motion to

3

dismiss the bankruptcy petition."[1] This is why the Opinion remands for an "appropriate hearing." *Id.*

To read the Opinion any other way constitutes a mistake of law. Binding Supreme Court and Eleventh Circuit case law holds that the Eleventh Circuit could not have made factual findings regarding the underlying motion to dismiss in connection with an appeal of a Rule 60(b) motion. This Court's Order violates the Appellees' due process rights because it directs the bankruptcy court to grant the Second Motion to Dismiss without the mandated evidentiary hearing and without affording the Appellees the opportunity to present their side of the case. As recognized by the bankruptcy court, the Appellees had never been heard on the allegations in the Second Motion to Dismiss because of the procedural manner in which that Motion was resolved.

**Third,** the Order also mistakenly remands the matter to the bankruptcy court to "conduct any appropriate hearings such as those identified by the appellate court that would ensure that "Chrispus, Juranitch, Tarrant, and Pugatch do not profit from their misconduct and abuse of the bankruptcy process.'" Ord. at 8. This directive overlooks that the bankruptcy court has already conducted an "appropriate hearing"—namely an eleven-day evidentiary hearing in which over a dozen witnesses testified and <u>in which the bankruptcy court considered testimony</u>

---

[1] *Global Energies, LLC,* 763 F.3d at 1350.

and other evidence not only regarding allegations of bad faith, but also on attorney's fees, and damages.  After that evidentiary hearing, the bankruptcy court concluded that Appellees did not profit from the bankruptcy petition and that Wortley incurred no damages.

## II. LEGAL STANDARD

A motion for reconsideration "must state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended and must argue in support of the motion." Fed. R. Bankr. P. 8022(a)(2). "Bankruptcy Rule 8022 (formerly 8015) is silent regarding the standard for granting a rehearing motion." *Tucker v. Mukamal*, No. 13-mc-23425-MARRA, 2015 WL 10986356, at *1 (S.D. Fla. Feb. 11, 2015).  However, courts in the Eleventh Circuit have applied the same standard applicable to motions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. *Id.*; *see also In re Steffen*, 405 B.R. 486, 488 (M.D. Fla. 2009).

Appellees recognize that a motion for reconsideration requests the Court to grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002).  However, a court should grant reconsideration when there is the need to correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x. 699, 700 (11th Cir. 2008).  Appellees submit that the Order in this case, which assumes that the

Eleventh Circuit conclusively ruled that the bankruptcy should be dismissed, is clear error and contrary to binding case law, which holds that an appellate court cannot make factual findings or consider the underlying motion in an appeal of the denial of a Rule 60(b) motion.

## III.  ARGUMENT

**A.**   ***The Order is based on this Court's mistaken belief that the Opinion instructed the bankruptcy court to dismiss the bankruptcy.***

The Court's misconstrues the Eleventh Circuit's Opinion.  The Order states:

> The Eleventh Circuit <u>clearly held that the new evidence</u> showed that 'Tarrant and Juranitch conspired to have Chrispus file the bankruptcy petition in bad faith and that the bankruptcy court could and <u>should have dismissed Chrispus's petition</u> for bad faith.  . . .  <u>Based on this clear Mandate</u>, the bankruptcy court was not permitted, much less required, to conduct an eleven-day trial into the merits of Wortley's Second Motion to Dismiss.   This was not a matter of "first impression" as suggested by the bankruptcy court, but instead one that had been decided by the Eleventh Circuit on appeal.

Ord. at 6-7 (internal citations omitted).

This statement shows clear error.  **First**, there was no "new evidence" before the Eleventh Circuit.  The only issue before the Eleventh Circuit was whether Wortley's Rule 60(b) motion should be granted.[2]  *Global Energies,* 763 F. 3d at

---

[2] Wortley's Rule 60(b) motion asked for relief under both Rule 60(b)(2) and 60(b)(3).  However, the Eleventh Circuit declined to reach any issue under Rule 60(b)(3), stating:   "Having concluded that the bankruptcy court abused its discretion in denying Worley's Rule 60(b)(2) motion [which only asked for a new hearing on the Second Motion to Dismiss], we need not reach his alternative

1344.  In that motion, Wortley <u>alleged</u> there was "new evidence"; but, as the Eleventh Circuit recognized, there had been no evidentiary hearing to determine whether the allegations regarding that new evidence were true.  *Id.* at 1350. Appellees were never afforded an opportunity to put on evidence opposing those allegations because the Second Motion to Dismiss was denied on grounds that did not require Appellees to put on their side of the case.[3]

**Second,** the Eleventh Circuit did not mandate that the bankruptcy court dismiss the bankruptcy petition.  Nowhere in its Opinion does the Eleventh Circuit make that directive.  Instead, the Opinion specifically instructs the bankruptcy court to grant Wortley's Rule 60(b) motion.  *Id.*  Granting the Rule 60(b) motion simply means <u>Wortley was entitled to an evidentiary hearing on his Second Motion to Dismiss</u>.  Indeed, Wortley's relief was sought under Rule 60(b)(2).  Rule 60(b)(2) is the alternative to Rule 59(b) and is used when the time for moving for a new trial under Rule 59(b) has passed—the relief under both is a grant of a "new trial" or here, as characterized by the Eleventh Circuit, an "appropriate hearing." Accordingly, the bankruptcy court correctly held an eleven-day evidentiary hearing on Wortley's Second Motion to Dismiss based on its interpretation of the Opinion.

---

contention that the bankruptcy court abused is discretion in denying his request for relief under Rule 60(b)(3)."  *Global Energies,* 763 F. 3d at 1350, n.6.

[3] Wortley withdrew his First Motion to Dismiss, and his Second Motion to Dismiss was the subject of a judgment on partial findings under Fed. R. Bank. Proc. 7052(c), which is akin to a directed verdict.

48381744;2

**Third**, when read in context, it is clear the Eleventh Circuit did not <u>hold</u> that "the bankruptcy court could and should have dismissed Chrispus's petition for bad faith" as this Court's Order holds.  Ord. at 6.  The Eleventh Circuit made this statement in connection with its consideration of the Rule 60(b) motion and its conclusion that the subject emails were "likely to produce a different result."  This statement by the Eleventh Circuit is not, and could not be, a <u>holding</u> because the order denying the Second Motion to Dismiss was not before the Eleventh Circuit. *Great Lakes Dredge & Dock Co. v. Tanker Robert Watt Miller*, 957 F.2d 1575, 1578 (11th Cir. 1992), *cert. denied*, 506 U.S. 981 (1992) (Dicta, or an appellate court's discussion of a matter not properly before the court at that time, is "neither the law of the case nor binding precedent.").  The Eleventh Circuit itself recognized it could not rule on the underlying Second Motion to Dismiss because the order denying that Motion was not before it, stating:  "[The Appellees] have not had an appropriate hearing, which will be conducted before the bankruptcy court." *Global Energies,* 763 F.3d at 1350.[4]

---

[4] In fact, just before the bankruptcy court held the evidentiary hearing, Wortley petitioned the Eleventh Circuit for a writ of mandamus to stop that hearing—similarly arguing that the bankruptcy court was violating the Opinion by holding an evidentiary hearing.  (11th Cir. D.E. 1, Case No. 17-11429).  The Eleventh Circuit denied Wortley's petition for writ of mandamus. *Id.* at D.E. 16). While Appellees acknowledge that the denial of a writ petition without opinion is not a decision on the merits, it is logical to conclude that if the Eleventh Circuit believed the bankruptcy court was not following its opinion it would have issued the writ of mandamus.

**Fourth**, this Court based its decision on only a limited portion of what the Eleventh Circuit stated, which led this Court to reach the wrong conclusion.  The Eleventh Circuit actually stated:  "[T]he bankruptcy court could have and should have dismissed Chrispus's petition for bad faith had the truth been known. **Alternatively**, the bankruptcy court could have revisited Global's sale, reversed the determination that the sale occurred in good faith, and voided the sale."  *Id.* (emphasis added).  This Court overlooks that the Eleventh Circuit stated that the bankruptcy court could have vacated the sale as appropriate alternative relief— which is in fact what the bankruptcy court did.  [Bk. D.E. 707]  Accordingly, the Order's remand to the bankruptcy court to dismiss the bankruptcy petition is clear error.

### B.	*The Court's interpretation of the Opinion constitutes a mistake of fact and law.*

The Court's Order highlights the Court's mistaken belief that the order denying Wortley's Second Motion to Dismiss was before the Eleventh Circuit.  It was not.  The only order on appeal before the Eleventh Circuit was Wortley's appeal of the bankruptcy order denying his Rule 60(b) motion and Judge Williams' affirmance of that order.  Wortley's Rule 60(b) motion merely sought a new hearing on his Second Motion to Dismiss.  [Bk. D.E. 465]  Therefore, when the Eleventh Circuit instructed the bankruptcy court to grant Wortley's Rule 60(b) motion, it could only have been instructing the bankruptcy court to hold an

evidentiary hearing on Wortley's Second Motion to Dismiss and to consider the subject emails at that hearing.  The evidentiary hearing, which considered extensive testimony and evidence that had not been presented to the Eleventh Circuit, established that the bankruptcy petition was not filed in bad faith and that the emails had not been wrongly withheld as <u>alleged</u> in the Rule 60(b) motion.[5]

The Eleventh Circuit could not have made factual findings based on the allegations in the Rule 60(b) motion because it cannot make factual findings. *United States v. Banks*, 347 F.3d 1266, 1271 (11th Cir. 2003) ("A court of appeals is not a fact finding body."); *United States v. Barnette,* 10 F.3d 1553, 1558 (11th Cir. 1994) ("It is not an appellate court's role to find facts").  Moreover, when an appellate court is confronted with the appeal of an order denying a Rule 60(b) motion, the appellate court does not and cannot consider the merits of the underlying motion—in this case Wortley's Second Motion to Dismiss.  *Browder v. Dir., Dep't. of Corr. of Illinois*, 434 U.S. 257, 263 n. 7(1978).[6]  Therefore, this Court's Order is contrary to binding Eleventh Circuit case law and constitutes clear error resulting in a manifest injustice because it is based on the erroneous

---

[5] As the bankruptcy court judge noted in producing the body of the emails in full in its Order, "mere excerpts of 'smoking gun' emails have proved misleading in prior hearings." [D.E. 1063 at 21, n.29]

[6]  See also the numerous cases cited by Appellees on page 24 of their Answer Brief [D.E. 29].

conclusion that the Eleventh Circuit made factual findings in connection with Wortley's Second Motion to Dismiss.

**C.    *The Order ignores the fact that the bankruptcy court already conducted a trial and determined that Wortley was not damaged.***

The Order further overlooks that the bankruptcy court held an eleven-day evidentiary hearing on Wortley's Second Motion to Dismiss <u>as required by the Eleventh Circuit's instructions in granting Wortley's Rule 60(b) motion</u>. What else could the Eleventh Circuit have meant when it instructed the bankruptcy court to grant Wortley's Rule 60(b) motion and hold an "appropriate hearing"? After all, Rule 60(b)(2)—which is the portion of Rule 60(b) that was at issue before the Eleventh Circuit—expressly states it is to be used <u>when the time for "moving for a new trial" under Rule 59(b) has expired</u>. At the "appropriate hearing" in this case under Rule 60(b)(2), the bankruptcy court heard testimony from more than a dozen witnesses and considered hundreds of exhibits.

Importantly, this evidentiary hearing was the first time the Appellees had ever had an opportunity to present evidence to rebut the <u>allegations</u> in the Rule 60(b) motion and to present "their side of the story." Any conclusion that the Eleventh Circuit ruled on the underlying Second Motion to Dismiss without affording Appellees' an opportunity to present their case is not only legally and factually wrong—it would also would deny Appellees their due process right to be heard, thereby constituting a manifest injustice.

11

Equally as important, during the evidentiary hearing the bankruptcy court received extensive evidence and heard testimony from experts as to the proper amount of attorney's fees and the proper amount of damages.  The court concluded that, even if it had found bad faith, "Wortley failed to provide evidence of his damages, and the evidence at trial proved that Mr. Wortley was the only party to benefit from the bankruptcy filing."  [Bk. D.E. 1063 at 67]  Wortley did not contest these findings on appeal, so these findings are the law of the case.

Finally, although the bankruptcy court did not reach the issue of attorney's fees because it found there was no bad faith, it has already heard expert testimony and evidence on those fees—so the only remand would be for the court to determine the amount of such fees, if any.

## IV. CONCLUSION

In the end, the bankruptcy court did exactly what the Eleventh Circuit mandated.  **First**, it granted Wortley's Rule 60(b) motion and held an evidentiary hearing on Wortley's Second Motion to Dismiss wherein it considered the subject emails.  **Second**, it vacated the order approving the sale.  **Third**, it held a hearing to consider any profit the Appellees may have made and any damages Wortley may have incurred in connection with the filing of the bankruptcy petition.  After considering all of the evidence, including the allegations related to the subject emails at issue in the Rule 60(b) appeal, the bankruptcy court concluded that the

bankruptcy was not filed in bad faith. More importantly, it concluded that the Appellees did not profit from the filing of the bankruptcy petition and that Wortley was not damaged by the filing of the petition. Simply put, the bankruptcy court followed the Opinion and, most respectfully, this Court is mistaken in its interpretation of the Opinion.

The Appellees assert, as did the Appellant in his initial brief, that this Court would greatly benefit by conducting an oral argument on the issues presented in this appeal.

WHEREFORE, based on the foregoing factual and legal errors, Appellees respectfully request that this Court reconsider its Order and issue a new order affirming the bankruptcy court's order.

Dated: March 25, 2019                          Respectfully Submitted,

/s/ Nolan Klein_____                        /s/ Michael I. Goldberg_____
Nolan Klein, Esq.                              Michael I. Goldberg, Esq.
Florida Bar No.  647977                        Florida Bar No. 886602
Wells Fargo Tower – Ste. 1500                  Katherine Eastmoore Giddings, Esq.
1 E. Broward Blvd.                             Florida Bar No. 949396
Fort Lauderdale, Florida 33301                 Catherine Douglas Kretzschmar, Esq.
Phone:  (954) 745-0588                         Florida Bar No. 85843
Fax: (877) 253-1691                            Akerman, LLP
klein@nklegal.com                              Las Olas Centre II, Ste. 1600
Phone:  (954) 463-2700                         350 E. Las Olas Blvd.
Attorney for James C. Juranitch                Fort Lauderdale, FL 33301-2999
                                               Fax:  (954) 463-2224
                                               michael.goldberg@akerman.com
                                               katherine.giddings@akerman.com
                                               catherine.kretzschmar@akerman.com

48381744;2

*Attorneys for Chrispus Venture*
*Capital, LLC and Richard Tarrant*

/s/     *Craig A. Pugatch*
Craig A. Pugatch, Esq.
Florida Bar No. 653381
George L. Zinkler, Esq.
Florida Bar No. 586986
Rice Pugatch Robinson Storfer & Cohen, PLLC
101 NE 3rd Ave., Ste. 1800
Fort Lauderdale, FL 33301
Tel:   (954) 462-8000
Fax:   (954) 462-4300
capugatch@rprslaw.com
gzinkler@rprslaw.com

*Attorney for Rice Pugatch Robinson*
*Schiller, PA and Chad P. Pugatch*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation in Federal Rule of Bankruptcy Procedure 8015(a)(7)(B) because it contains 2,971 words excluding portions of the brief exempted by Rule 8015(a)(7)(B)(iii).

/s/ Michael I. Goldberg
MICHAEL I. GOLDBERG

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 25, 2019, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on parties listed (through counsel or

14

48381744;2

those reflected as appearing without counsel) in the below Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorize manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Michael I. Goldberg*
MICHAEL I. GOLDBERG

### SERVICE LIST

*Wortley v. Tarrant, et al.*
**Case No. 0:18-cv-61556-DBG**
**U.S. District Court, Southern District of Florida**

*Appellant*
(service by ECF)
Robert Jeffrey Hauser, Esq.
PANKAUSKI HAUSER PLLC
415 South Olive Avenue
West Palm Beach, Florida 33401
561 514 0900 (voice)
Email: hauser@phflorida.com

*Counsel for Appellees, Chrispus Venture Capital, LLC, and Richard Tarrant*
(service by ECF)
Michael I. Goldberg, Esq.
Katherine Giddings, Esq.
Catherine D. Kretzschmar, Esq.
Akerman LLP
350 East Las Olas Boulevard, Suite 1600
Fort Lauderdale, FL  33301-2999

*Counsel for Appellees, Chad Pugatch and Rice Pugatch Robinson Schiller, PA*
(service by ECF)
Chad Pugatch, Esq.
Craig Pugatch, Esq.
George Zinkler, Esq.
Rice Pugatch Robinson & Schiller, P.A.
101 NE 3 Avenue, Suite 1800
Fort Lauderdale, FL 33301

*Counsel for Appellee, James Juranitch*
(service by ECF)
Nolan Keith Klein, Esq.
Law Offices of Nolan Klein, P.A.
Wells Fargo Tower
One East Broward Blvd., Ste. 1500
Fort Lauderdale, FL 33301

***Chapter 7 Trustee***
(service by U.S. Mail)
Barry Mukamal
c/o Kapila Mukamal CPAs
1000 South Federal Hwy, Suite 200
Kapila Building
Fort Lauderdale, FL 33316
Email:
bemtrustee@kapilamukamal.com
FL64@ecfcbis.com;


***Office of the United States Trustee***
(service by U.S. Mail)
Charles R Sterbach
c/o Office of The United States
Trustee
51 SW First Avenue, Room 1204
Miami, Fl 33130
Email:
USTPRegion21.MM.ECF@usdoj.gov